UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED ENERGY WORKERS HEALTHCARE, LLC, an Ohio limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>NATALIE CAVALLARO, an individual; NUCLEAR WORKER SOLUTIONS, LLC, a New Mexico limited liability company; JANE AND JOHN DOES 1-10; and DOE BUSINESS ENTITIES 1-10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO MODIFY SUBPOENA DUCES TECUM & FOR A PROTECTIVE ORDER (DOC. NO. 31)**<br><br>Case No. 2:24-cv-00318<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

In this trade secrets and breach of contract case,[1] Natalie Cavallaro and Nuclear Worker Solutions have moved to quash or modify a subpoena duces tecum United Energy Workers issued to nonparty Jason Sanchez.[2] They have also moved for a protective order. Among other things, Ms. Cavallaro and NWS claim the subpoena puts NWS's own trade secrets at issue, and it seeks information beyond the permissible scope of discovery.

---

[1] (See Compl. ¶¶ 62–109, Doc. No. 1.)

[2] (Defs.' Mot. to Quash or Modify Subpoena Duces Tecum to Jason Sanchez & for a Protective Order (Mot.), Doc. No. 31.)

But procedures can be implemented sufficient to safeguard NWS's trade secrets, and the subpoena can be narrowed to prevent the production of irrelevant information. Accordingly, as noted at the hearing, the motion is granted in part and denied in part.[3] The motion is granted to the extent it seeks modification of the subpoena—the subpoena is modified as outlined below. It is also granted to the extent it seeks protection of the documents produced. Any responsive production must be handled in accordance with the protective procedures also detailed below. But to the extent the motion seeks to quash the subpoena, it is denied.

## BACKGROUND

Before forming NWS in 2020,[4] Ms. Cavallaro and Mr. Sanchez worked for UEW. Roughly six months before they resigned from UEW, they entered into noncompete agreements.[5] In relevant part, UEW claims Ms. Cavallaro breached her noncompete agreement and induced Mr. Sanchez (UEW's former Chief Operating Officer) to do the same, by forming NWS to compete directly with UEW.[6]

---

[3] (*See* Doc. No. 40.)

[4] (Compl. ¶ 42, Doc. No. 1; Ex. 4 to Pl.'s Opp'n to Mot., Doc. No. 33-1 at 44.)  Because UEW filed the opposition's exhibits in a single document with varying or no page numbers, this order refers to the document's CM/ECF pagination.

[5] (Compl. ¶¶ 41–42, 45, Doc. No. 1; Exs. 2 & 3 to Pl.'s Opp'n to Mot., Doc. No. 33-1 at 19, 31; Ex. 5 to Pl.'s Opp'n to Mot., Doc. No. 33-1 at 52–53 (Sanchez Interview Tr. 14:12–20, 59:17–22).)

[6] (Compl. ¶¶ 42, 44, 90, Doc. No. 1.)

Separately, UEW claims Ms. Cavallaro and NWS misappropriated its trade secrets, "including most notably, a confidential patient list" and related data and information.[7] According to UEW, Ms. Cavallaro was required to protect UEW's trade secrets after she became an employee, but she instead provided UEW's patient lists, patient data, and other confidential information to NWS.[8] UEW alleges Ms. Cavallaro and NWS "have used, are using, and inevitably will continue to use UEW's trade secrets without UEW's consent" and to its detriment.[9]

In view of the nature of the case, the parties stipulated to a protective order, which the court entered.[10] The protective order applies to parties and nonparties, provides for confidential and attorney-eyes-only (AEO) designations, and permits nonparties to designate their production accordingly.[11] Other provisions address inadvertent failures to properly designate information.[12] And the order includes procedures and requirements for the destruction of designated information at the conclusion of this case.[13] But the protective order does not permit a party to weigh in on a nonparty's designation decisions prior to production.

---

[7] (*Id.* ¶ 63.)

[8] (*Id.* ¶¶ 68, 70, 71.)

[9] (*Id.* ¶ 72.)

[10] (Stipulated Protective Order, Doc. No. 26.)

[11] (*Id.* § (A)(5).)

[12] (*Id.* §§ (C), (E).)

[13] (*Id.* § (F).)

Claiming its attempts to obtain documents from Defendants have been unsuccessful,[14] UEW notified NWS and Ms. Cavallaro of its intent to subpoena Mr. Sanchez for documents.[15] The subpoena seeks: (1) all documents and communications between Ms. Cavallaro and Mr. Sanchez; (2) all documents and communications relating to UEW, NWS, and any patients of either entity; and (3) all documents and communications regarding any lawsuits involving Mr. Sanchez and Ms. Cavallaro, including but not limited to pleadings, discovery materials, motions, orders, transcripts, and settlement-related records.[16] Twelve days after providing notice, UEW served Mr. Sanchez with the subpoena.[17] Defendants now move to quash or modify the subpoena and for a protective order under Rule 45(d)(3)(B) and Rule 26(c).[18]

---

[14] Although this dispute is not before the court, it appears that in April 2025, UEW served Defendants with discovery requests, including RFPs. UEW claims Defendants have responded to the RFPs while not producing any documents. (Pl.'s Opp'n to Mot. (Opp'n) 4–5, Doc. No. 33 (citing Exs. 6, 8, 9, & 10 to Opp'n, Doc. No. 33-1 at 57, 97, 110, 113).) UEW calls these responses deficient and has requested supplementation. (Ex. 8 to Opp'n 8, Doc. No. 33-1 at 105.) For their part, Defendants assert that UEW has identified no withheld documents and supplementation is unwarranted. (Ex. 10 to Opp'n 4, Doc. No. 33-1 at 117.)

[15] (Ex. A to Mot., Doc. No. 31-1.)

[16] (*Id.* at 4.)

[17] (Ex. 13 to Opp'n, Doc. No. 33-1 at 142.)

[18] (Mot. 1, Doc. No. 31.) Defendants also cite Rule 37-1(b)(7) of the Local Civil Rules, which exempts a motion to quash from the Short Form Discovery Motion requirements. But that rule concerns the motion's format. It does not create a substantive basis or confer standing for a motion to quash a Rule 45 subpoena.

## LEGAL STANDARDS

Under Rule 45 of the Federal Rules of Civil Procedure, courts may quash or modify a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."[19] A party generally "does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[20]

Rule 26(b), however, governs the scope of discovery under subpoenas.[21] Whether on a "motion or on its own," the court "must limit the frequency or extent of discovery" if it "is outside the scope permitted by Rule 26(b)(1)."[22] That is, the discovery must be "relevant to any party's claim or defense and proportional to the needs of the case," considering various factors.[23] In addition, Rule 26(c) permits a court to enter a

---

[19] Fed. R. Civ. P. 45(d)(3)(B)(i).

[20] *Johnson v. USANA Health Scis.*, No. 2:17-cv-00652, 2019 U.S. Dist. LEXIS 198814, at *6 (D. Utah Nov. 15, 2019) (unpublished) (citation omitted).

[21] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) (explaining "Rule 45 does not include relevance as an enumerated reason for quashing a subpoena" but it is "well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)").

[22] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[23] Fed. R. Civ. P. 26(b)(1).

protective order "for good cause," "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[24]

## ANALYSIS

Defendants move to quash or modify the subpoena. Defendants also seek a protective order directing any discovery to them, to permit them to review and designate documents as confidential or "attorney's eyes only" in the first instance.[25] Defendants contend they have standing to challenge the subpoena because it seeks confidential and trade secret information.[26] They urge the court to exercise its inherent authority to modify the subpoena and issue a protective order safeguarding disclosure of this information.[27]

In response, UEW contends Defendants lack standing to challenge the subpoena on overbreadth or proportionality grounds, the subpoena targets relevant and proportional information, and it is not overbroad.[28] UEW also argues any sensitive documents are safeguarded by the current protective order in this case.[29] Ultimately, though, UEW agrees the scope of the subpoena can be narrowed.[30] And Defendants

---

[24] Fed. R. Civ. P. 26(c)(1).

[25] (Mot. 2, Doc. No. 31.)

[26] (*Id.* at 4–5.)

[27] (*Id.* at 5.)

[28] (Opp'n 7–11, Doc. No. 33.)

[29] (*Id.* at 10.)

[30] (*Id.* at 12 (proposing modifications).)

are largely amenable to UEW's proposed modifications.[31]  The parties confirmed their agreements at the hearing on the present motion.  Because the scope of the subpoena must be narrowed, and because Mr. Sanchez is likely to produce confidential and trade secret information, the motion is granted to the extent it seeks modification of the subpoena.

**Motion to Quash or Modify.**  As a threshold matter, although Defendants assert a personal privacy interest in their confidential communications and trade secret information, it is unnecessary to address whether they have standing to move to quash or modify the subpoena on overbreadth and proportionality grounds.[32]  Rule 26(b) governs the scope of subpoenas.  It requires the court to limit (i.e., modify) subpoenas seeking discovery beyond the scope of Rule 26.[33]  Because the subpoena to Mr. Sanchez seeks information outside that scope, as noted at the hearing, it is limited as follows.

First, the subpoena's requests are limited to January 1, 2019, to the present. The subpoena currently is not limited in time.  As a result, it seeks information entirely

---

[31] (Reply In Supp. of Mot. (Reply) 4–5, Doc. No. 37 (agreeing to some of UEW's proposed modifications but proposing further modifications).)

[32] *See Moreno v. Unique Plumbing LLC*, No. 2:24-cv-0916, 2025 U.S. Dist. LEXIS 213282, at *5 (D. Utah Oct. 27, 2025) (unpublished) ("[E]ven in cases where a moving party lacks standing to challenge a third-party subpoena, the court may exercise its inherent authority to limit irrelevant or non-proportional discovery requests under Rule 26(b)(2)(C).").

[33] *See Consumer Fin.*, 2022 U.S. Dist. LEXIS 126523, at *18; Fed. R. Civ. P. 26(b)(2)(C)(iii); Fed. R. Civ. P. 26(b)(1).

unrelated and unimportant to this case. Recognizing this, the parties agree the subpoena should be limited to documents and communications from January 1, 2019 (when Mr. Sanchez started at UEW) to the present.[34] Because this timeframe is relevant and proportional, the subpoena is limited accordingly.

Second, the subpoena's requests must exclude purely personal communications between Ms. Cavallaro and Mr. Sanchez unrelated to NWS or UEW. Such information is not relevant or proportional. It is unrelated to any claims or defenses, unimportant to any issues in the case, and would provide no benefit. And the parties agree purely personal communications should be excluded.[35] Accordingly, the subpoena's request for documents and communications between Mr. Sanchez and Ms. Cavallaro is limited to exclude those that are purely personal and unrelated to UEW or NWS.

Third, the subpoena's request for documents and communications relating to UEW, NWS, and either entity's patients must be limited. Specifically, this request is limited to documents and communications relating to: UEW, patient information (including demographic information, medical history, and contact logs) for UEW's current and former patients, NWS's formation, NWS's operational marketing and referral materials, and UEW's current and former employees, contractors, or nurses. These

---

[34] (Opp'n 12, Doc. No. 33; Reply 5, Doc. No. 37.)

[35] (Opp'n 12, Doc. No. 33; Reply 5, Doc. No. 37.)

limitations capture the parties' overlapping proposed modifications from their briefing[36] and the concessions made at the hearing.  With these limiting modifications, the subpoena appropriately seeks relevant and proportional information.

Fourth, the subpoena's request for documents and communications regarding lawsuits involving both Mr. Sanchez and Ms. Cavallaro is allowed.  (Defendants did not object to this request in their briefing.)

**Motion for Protective Order.**  The motion for a protective order is granted in part.  According to NWS, Mr. Sanchez has NWS's confidential or trade secret information in his possession.  Although the protective order in this case includes provisions regarding confidentiality and "attorneys' eyes only" (AEO) designations, it does not include procedures to address this particular circumstance.  The protective order permits nonparties to designate information as confidential or AEO.  But it does not require it.  And where the trade secret information at issue belongs to NWS, not Mr. Sanchez, it is unclear whether Mr. Sanchez will make those designations consistent with NWS's perspective.  Functionally, a process is needed allowing for Defendants to weigh in on the designations for Mr. Sanchez's production before it is shared beyond counsel.

This process is as follows.  Mr. Sanchez must produce his responsive documents to the parties simultaneously.  At the outset, every document in the production is to be marked as AEO.  Counsel for UEW and Defendants must meet and confer regarding a

---

[36] (Opp'n 12, Doc. No. 33; Reply 4–5, Doc. No. 37.)

viable way to make this happen. If unable to agree on an approach, counsel for both sides must stamp independently their copies as AEO and immediately destroy any unstamped or undesignated production by Mr. Sanchez.

Defendants have fourteen days from the date of production to de-designate documents as appropriate. If UEW disagrees with Defendants' final designations, the parties must meet and confer on the issue fully and in good faith. If unable to resolve any designation disputes, UEW may challenge those designations as permitted under the current protective order.

## CONCLUSION

For the reasons noted above, Defendants' motion[37] is granted in part and denied in part. To the extent the motion seeks modification of the subpoena or protective procedures for the documents produced, the motion is granted. To the extent the motion seeks to quash the subpoena, it is denied.

DATED this 17th day of December, 2025.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[37] (Doc. No. 31.)